ROTHENBERG, Judge. .
The defendant, Gerald Tobin, appeals the denial of his motion for attorney’s fees pursuant to section 57.105(1), Florida Statutes (2002).[1] We reverse and remand.
The plaintiffs, Jonathan E. Bursch, Raymond Bursch, and Deborah Bursch, filed a legal malpractice action against Tobin.[2] The plaintiffs alleged that Tobin represented them in a real estate transaction in which they purchased a five-acre parcel which was landlocked. They further alleged that they did not discover that the parcel was landlocked until they attempted to sell the property and that, if they had known that the parcel was landlocked, they would not have purchased it.
After the plaintiffs filed a voluntary dismissal, Tobin filed a motion for entitlement of attorney’s fees pursuant to section 57.105(1), seeking fees against the plaintiffs and plaintiffs’ counsel. Tobin presented the affidavit of an attorney who had represented the plaintiffs in this real estate transaction until being discharged by the plaintiffs. The attorney averred that in April 1989, Raymond Bursch contacted and hired a land surveyor to survey the property. After the survey was performed, Raymond gave him a copy of the survey and correspondence received from the surveyor. Upon reviewing the survey and correspondence, he immediately notified Raymond that the property was landlocked. The surveyor also filed an affidavit averring that there is no doubt that *495 Raymond knew that the property was landlocked.
Following a hearing, the trial court entered an order denying Tobin’s motion for attorney’s fees. Tobin’s appeal follows.
Tobin contends that the trial court abused its discretion by denying the motion for attorney’s fees. We agree.
Based on the affidavits of the plaintiffs’ previous attorney and of the surveyor who surveyed the parcel, the plaintiffs had no factual basis to support the allegations against Tobin. The affidavits indicate that the plaintiffs purchased the five-acre parcel knowing that it was landlocked. Additionally, we note that in the pro se answer brief filed by Raymond and Deborah Burseh, they confirmed that they knew that the property was landlocked. The answer brief provides: “Tobin’s contention that we knew we were landlocked is true....”
Accordingly, we reverse the denial of the motion for attorney’s fees and remand. Tobin’s motion for entitlement to attorney’s fees sought fees against the plaintiffs and plaintiffs’ counsel. Upon remand, the trial court is directed to hold an evidentiary hearing to determine whether the plaintiffs’ attorney “acted in good faith, based on the representations of his or her client as to the existence of those material facts.” § 57.105(1), Fla. Stat. (2002). If the trial court determines that the plaintiffs’ attorney acted in good faith, fees are to be assessed only against Raymond and Deborah Burseh.
Reversed and remanded.

. Section 57.105(1) provides as follows:
(1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing parly in equal amounts by the losing party and losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material fact necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party’s attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney’s fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.

. This Court has granted Jonathan E. Bursch’s motion to stay this appeal. Therefore, this opinion is applicable only to Raymond and Deborah Bursch.